```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
                           RENO, NEVADA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:91-CR-00057-ECR |
| | ) | |
| Plaintiff, | ) | MINUTES OF THE COURT |
| | ) | |
| vs. | ) | DATE: June 28, 2011 |
| | ) | |
| JAY J. REGAS | ) | |
| | ) | |
| Defendant. | ) | |

PRESENT:     EDWARD C. REED, JR.                     U. S. DISTRICT JUDGE

Deputy Clerk:    COLLEEN LARSEN        Reporter:     NONE APPEARING

Counsel for Plaintiff(s) _____ NONE APPEARING _____

Counsel for Defendant(s) _____ NONE APPEARING _____

<u>MINUTE ORDER IN CHAMBERS</u>

    On June 10, 2011, Defendant/Movant Jay J. Regas filed a motion (#1802) to have his life sentence set aside as illegal pursuant to Federal Rule of Criminal Procedure 35(a).

    As Federal Rule of Criminal Procedure 35(a) is not applicable here, we will treat Defendant/Movant's motion as one to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

    Defendant/Movant was convicted of engaging in a Continuing Criminal Enterprise in violation of 21 U.S.C. § 848.  Section 848(a) provides for a mandatory minimum sentence of twenty years, provided that the offense characteristics in Section 848(c) are met.  Section 848(b) provides for a mandatory life sentence if certain other characteristics are met in addition to those outlined in Section 848(c).  Defendant/Movant argues that the characteristics necessary to incur a mandatory life sentence were not mentioned in the indictment and proven by a preponderance of the evidence in his case, citing <u>United States v. O'Brien</u>, 130 S. Ct. 2169 (2010) and <u>Pepper v. United States</u>, 131 S. Ct. 129 (2011), and so his life sentence was illegally imposed.

The landmark case on which O'Brien and Pepper build is Apprendi v. New Jersey, 530 U.S. 446 (2000). In Apprendi, the United States Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. The Ninth Circuit Court of Appeals has found that the Apprendi ruling does not apply retroactively to petitions for collateral review. United States v. Sanchez-Cervantes, 282 F.3d 664 (9th Cir. 2002). Accordingly, Defendant/Movant's claim must fail.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendant/Movant's motion (#1802) to have his life sentence set aside as illegal pursuant to 28 U.S.C. § 2255 is **DENIED**. The Clerk shall enter judgment accordingly.


LANCE S. WILSON, CLERK

By _____/s/_____
      Deputy Clerk